Gerard J. Alonzo, Jr., Esq. Village Attorney, Livonia
You have asked whether one person may simultaneously hold the offices of town highway superintendent and trustee of a village located in the town.
In previous opinions of this office, we have decided that the two offices of town board member and member of a board of trustees of a village in the town are incompatible (1980 Op Atty Gen [Inf] 119, 158). We found that under sections 141 and 277 of the Highway Law, a town board is authorized to exempt, in its discretion, all property within an incorporated village in the town from the levy of town taxes for certain highway items in the budget (these items include expenditures for certain highway machinery and for the removal of obstructions caused by snow and for other miscellaneous purposes; see, § 141[3], [4]). Thus, at least once every year, in adopting the town's budget, the board is faced with the decision whether to charge an incorporated village maintaining its own road system for certain components of the highway portion of the budget. Because this decision is inevitable and involves the balancing of the interests of the two municipalities, we concluded that one person may not serve simultaneously as a town board member and member of the board of trustees of a village in the town.
The town highway superintendent is required to submit annually a proposed budget for the highway department (Town Law, § 104). In this proposal, the highway superintendent must estimate expenditures for the various categories of highway and bridge expenses, including those expenses that in the discretion of the town board may be charged to village residents (Highway Law, § 141). As a village trustee, we believe that the town superintendent of highways has divided loyalties which may affect his proposed budget. At least to some extent, the amount of expenditures proposed under sections 3 and 4 of section 141 of the Highway Law may affect the decision of the town board whether to charge village residents for the expenses. The superintendent of highways may be affected by this consideration in proposing these expenditures. In our view, at least an appearance of impropriety would result from holding these two offices. In order to maintain public confidence in government, even the appearance of impropriety should be avoided.
We conclude that the offices of town superintendent of highways and trustee of a village in the town are incompatible.